Received and E-Filed for Record
7/19/2023 4:27 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Andres Velasquez

CAUSE NO. 23-07-10368 _____

| | | |
|---|---|---|
| ChampionX Corporation, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| AIG Insurance Company of Canada | § | |
| and The Insurance Company of the | § | Montgomery County - 457th Judicial District Court |
| State of Pennsylvania, | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff ChampionX Corporation files this Plaintiff's Original Petition against Defendants AIG Insurance Company of Canada and The Insurance Company of the State of Pennsylvania and would respectfully show the Court the following:

### I.    DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under a Level 3 plan pursuant to TEX. R. CIV. P. 190.4.  The expedited-actions process in TEX. R. CIV. P. 169 does not apply because of the relief sought.

### II.    PARTIES

2.    Plaintiff ChampionX Corporation ("Plaintiff" or "ChampionX") is a Delaware corporation with its principal place of business in Montgomery County, Texas.

{2733220;4}

**Exhibit B**

3.     Defendant AIG Insurance Company of Canada ("AIG Canada") is a foreign business entity with its principal place of business at 120 Bremner Blvd., Suite 2200, Toronto, Ontario, M5J 0A8 in Canada.  AIG Canada does not maintain a registered agent for service of process in Texas and may be served with process pursuant to the Hague Service Convention.

4.     Defendant The Insurance Company of the State of Pennsylvania ("ICSP") is P&C Stock Company organized under the laws of Illinois with its principal place of business in Cook County, Illinois.  ICSP can be served through its registered agent for service of process in Texas, which is Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX  78701-3218.

5.     AIG Canada and ICSP will be referred to, collectively, as "Defendants."

### III.    RULE 47 STATEMENT

6.     Pursuant to TEX. R. CIV. P. 47, Plaintiff seeks monetary relief in excess of $1,000,000.00 as well as associated declaratory relief, as specified below.

### IV.    JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction because exclusive jurisdiction does not lie with any other court and the damages sought by ChampionX are within the jurisdictional limits of the Court.

8.     This Court has personal jurisdiction over each of the Defendants.  ICSP maintains a registered agent for service of process within the State of Texas.  Both

{2733220;4}

**Exhibit B**

Defendants contracted to provide insurance to a business located in Texas and the relevant contracts were executed by Plaintiff in Texas.

9.      Venue is proper in this Court pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Montgomery County, Texas.  Alternatively, venue is also proper in this Court pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(4) because Defendants are not natural persons, Defendants do not maintain a principal office in Texas, and Plaintiff resides and maintains its principal office in Montgomery County, Texas.

## V.      FACTUAL BACKGROUND

10.      ChampionX provides oilfield technology solutions, chemistry programs and services, drilling technologies, artificial lift solutions, and automation technologies for the oil and gas industry. ChampionX was previously known as Nalco Champion and was the upstream business unit and a subsidiary of Ecolab Co. (also referred to as Ecolab Canada or Ecolab Inc.).  At all times relevant to this action, Nalco Champion maintained its principal office in the State of Texas. Through a series of transactions completed by 2019, Apergy Corporation (through a subsidiary) acquired the upstream business unit, previously known as Nalco Champion, from Ecolab Co.  ChampionX emerged from the joinder of Apergy

- 3-

**Exhibit B**

Corporation and the upstream business unit of Ecolab that was formerly known as Nalco Champion.

11.    As a result of these transactions and pursuant to the terms of a Separation Agreement with Ecolab, ChampionX has retained certain assets, liabilities, rights, and responsibilities of Nalco Champion, including rights to insurance for certain occurrences, such as the three occurrences at issue in this lawsuit.  ChampionX is seeking damages and a determination of insurance coverage issues under a set of policies issued to Ecolab in connection with certain acts or omissions involving ChampionX and one or more of its subsidiaries, affiliates or related companies as alleged in a lawsuit filed in Canada.

12.    AIG Canada issued commercial general liability policy GL 00529469 / CGL529-4689 to Ecolab Co.[1] providing coverage for successive one-year periods beginning December 31, 2017, and ending on December 31, 2020.  These policies provide coverage for occurrences that take place during the policy period and in the coverage territory.

13.    ICSP issued a series of Foreign Commercial General Liability policies (99-53678, 99-53832, and 99-53855) to Ecolab Inc. providing coverage for

---

[1]    In the letter dated August 13, 2020, denying coverage, AIG references both of these policy numbers.  This letter also refers to the insured as Ecolab Co., Ecolab Inc., and as Ecolab Canada. Plaintiff is not aware of the reason for these discrepancies but does not believe that they are material to this dispute.

- 4-

**Exhibit B**

successive one-year periods beginning December 31, 2017, and ending on December 31, 2020.  These policies provide coverage for occurrences that take place during the policy period and in the coverage territory.  AIG Claims, Inc. is the authorized claims handling administrator for ICSP.

14.     On June 4, 2020, Highwood Oil Co., Ltd. ("Highwood") filed a Statement of Claim with the Court of Queen's Bench of Alberta, Canada (the "Lawsuit").    The Lawsuit is designated as Court File No. 2001 07143. The defendants in the Lawsuit are "Nalco Champion, an Ecolab Company, Ecolab, Nalco Canada ULC, and ChampionX Canada ULC (collectively, 'Nalco')."   ChampionX is a parent company to ChampionX Canada ULC and is the successor in interest to Nalco Champion, Ecolab, and Nalco Canada ULC.

15.     In the Lawsuit, Highwood alleges that Nalco supplied various corrosion mitigation chemicals and related services for Highwood's pipelines located in the Panny Field, which is approximately 500 km north of Edmonton, Alberta. Highwood contends that "[o]n or about February 6, 2018, Nalco submitted to Highwood a written review of the application of corrosion inhibitors for the pipelines in this field." Highland alleges that as part of this work, "Nalco conducted a 'Pipeline Risk/Probability Assessment' for various pipelines owned and operated by Highwood" in the area.  Highwood alleges that in this report, Nalco advised and

- 5-

**Exhibit B**

represented to Highwood that the probability of corrosion in the pipeline at issue in the Lawsuit was "low."

16.    Highwood further alleges that on three separate dates in July 2018, it discovered an oil emulsion release "arising from several failures" on one of its gathering pipelines in the Panny Field.  According to Highwood, an occurrence discovered on July 6, 2018, released approximately 150 cubic meters of oil emulsion; an occurrence discovered on July 13, 2018, released approximately 20 cubic meters of oil emulsion; and an occurrence discovered on July 14, 2018, released approximately 5 cubic meters of oil emulsion.

17.    In the Lawsuit, Highwood claims that its damages — which include the costs to clean up the releases and to remediate the surface, water, and groundwater — were caused by Nalco's alleged negligence and Nalco's purported breaches of other duties allegedly owed to Highwood.  According to Highwood, its damages are estimated to reach or exceed $40 million.

18.    Pursuant to a Separation Agreement with Ecolab, ChampionX is covered by insurance policies, including the insurance policies provided by these Defendants, for the three separate occurrences in July 2018 which form the basis of the Lawsuit.

19.    ChampionX tendered the claims asserted by Highwood to its insurers, including the Defendants in this action.  By two separate letters both dated August

{2733220;4}

**Exhibit B**

13, 2020, AIG Canada and ICSP (through its claims administrator, AIG Claims, Inc.)

denied coverage and refused to defend ChampionX in the Lawsuit.

20.     ChampionX has been forced to defend itself against the claims and

allegations brought by Highwood in the Lawsuit.  Although that proceeding is still

ongoing, ChampionX has incurred over $400,000.00 in legal fees and expenses

associated with defending itself in the Lawsuit and will continue to incur legal fees

and expenses in the future.  Neither AIG Canada nor ICSP have reimbursed or

offered to reimburse ChampionX for any portion of that amount.

## VI.     CAUSES OF ACTION

### A. Breach of Contract

21.     ChampionX incorporates the preceding paragraphs by reference.

22.      ChampionX and Defendants are parties to the above-referenced

insurance policies which are enforceable as contractual obligations.

23.     The insurance policies obligate Defendants to defend and indemnify

ChampionX from and against any suit seeking damages relating to alleged

occurrences within the scope of coverage.

24.     The allegations by Highwood in the Lawsuit regarding the three

separate occurrences in July 2018 (without regard to whether they are true or false)

trigger the Defendants' duty to defend ChampionX pursuant to the terms of the

applicable insurance policies.

{2733220;4}

**Exhibit B**

25.    Defendants have refused coverage for or have otherwise refused to defend ChampionX against the Lawsuit.

26.    As a result, ChampionX has been forced to retain counsel to defend it against the Lawsuit.  In doing so, ChampionX has incurred over $400,000.00 in legal fees and expenses in connection with the Lawsuit which have not been reimbursed by Defendants. ChampionX is likely to continue to incur legal fees and expenses in the future in connection with the Lawsuit.

27.    Accordingly, ChampionX has been damaged by Defendants' refusal to defend ChampionX in the Lawsuit and seeks damages in the amount of legal fees and expenses that it has incurred, or will incur in the future, as a result of Defendants' conduct.

28.    Pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001, ChampionX also seeks recovery of its costs and its reasonable and necessary attorneys' fees incurred in connection with this matter.

## B. Bad Faith and Violations of Texas Insurance Code.

29.    ChampionX incorporates the preceding paragraphs by reference.

30.    Defendants owed a duty of good faith and fair dealing to ChampionX. Defendants arbitrarily denied coverage and refused to defend ChampionX against the allegations in the Lawsuit.  Defendants should be held accountable for their

- 8-

{2733220;4}

**Exhibit B**

actions.   Defendants had exclusive control over the evaluation, processing, and denial of ChampionX's claim.  Defendants abused that control.

31.     Defendants breached their duty of good faith and fair dealing through their conduct in denying ChampionX's request for defense and indemnity in connection with the Lawsuit.   Defendants knew they owed these duties to ChampionX, and despite the existence of these duties being reasonably clear, Defendants denied coverage and refused to defend ChampionX against the claims and allegations in the Lawsuit.

32.     Defendants' failure to promptly accept defense coverage when it was reasonably clear that coverage existed was, and continues to be, a violation of the Texas Prompt Payment of Claims Act, codified at Section 542.051 *et seq.* of the Texas Insurance Code.

33.     By denying that they have a duty to defend ChampionX against the claims asserted against it in the Lawsuit, Defendants have misrepresented the terms of the applicable insurance policies in violation of TEX. INS. CODE §§ 541.060(a)(1), 541.061.

34.     Defendants have also breached their obligations under Chapter 541 of the Texas Insurance Code by misrepresenting material facts and policy provisions related to coverage available for the claim.

- 9-

**Exhibit B**

35.     Because Defendants have wrongly and wrongfully denied their duty to defend, ChampionX has incurred damages in the form of legal fees and expenses associated with defending itself against the allegations in the Lawsuit in an amount to be determined at trial.  ChampionX seeks its actual damages as well as additional or trebled damages based on Defendants' "knowing" conduct, as well as interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorneys' fees and prejudgment interest pursuant to TEX. INS. CODE §§ 541.152(b), 542.060(a).

### C. Declaratory Judgment

36.     ChampionX incorporates the preceding paragraphs by reference.

37.     A justiciable controversy exists between ChampionX and Defendants regarding whether the relevant insurance policies require Defendants to defend and indemnify ChampionX against the claims asserted by Highwood in the Lawsuit. Defendants have already clearly and unequivocally stated to ChampionX that Defendants deny coverage, meaning that Defendants will not only refuse to defend ChampionX against the Lawsuit but will refuse to indemnify ChampionX against any judgment that is entered in that proceeding.

38.     Pursuant to TEX. CIV. PRAC. & REM. CODE §§ 37.001 *et seq.*, ChampionX seeks declarations from this Court that:

{2733220;4}

**Exhibit B**

a.    Highwood's claims against ChampionX in the Lawsuit are within the scope of coverage of the applicable insurance policies issued by the Defendants;

b.    The release of oil emulsion discovered on July 6, 2018, the release of oil emulsion discovered on July 13, 2018, and the release of oil emulsion discovered on July 14, 2018, are three separate occurrences under the applicable insurance policies;

c.    Defendants are required to defend and indemnify ChampionX from and against the claims asserted by Highwood in the Lawsuit;

d.    Defendants wrongfully denied coverage under the policies; and

e.    Defendants lacked an adequate basis to deny coverage to ChampionX relating to the Lawsuit.

39.    ChampionX also seeks to recover its reasonable and necessary attorneys' fees, as is equitable and just, pursuant to TEX. CIV. PRAC. & REM. CODE 37.009.

## VII.  CONDITIONS PRECEDENT

40.    All conditions precedent to the filing of this action and any recovery sought herein by ChampionX have been performed, have occurred, or have been waived.

{2733220;4}

**Exhibit B**

## VIII. PRAYER

41.    ChampionX prays that Defendants be cited to appear, that ChampionX recover actual damages, enhanced statutory damages, and declaratory relief as specified herein, that ChampionX recover its reasonable and necessary attorneys' fees incurred in connection with this matter as well as costs of court, pre-judgment interest and post-judgment interest, and for all other relief to which it may be entitled.

Respectfully submitted,

By: _____
John D. Sullivan
State Bar No. 19484490
(346) 200-6011 *direct*
jsullivan@gablelaw.com

Brian K. Tully
State Bar No. 24039217
(346) 200-6017 *direct*
btully@gablelaw.com

GABLEGOTWALS
1100 Louisiana Street, Suite 5000
Houston, Texas 77002
(918) 595-4800 *main*
(918) 595-4900 *facsimile*

***Attorneys for Plaintiff
ChampionX Corporation***

- 12-

{2733220;4}

**Exhibit B**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Sullivan on behalf of John Sullivan
Bar No. 19484490
jsullivan@gablelaw.com
Envelope ID: 77692244
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 7/20/2023 8:30 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brian Tully | | btully@gablelaw.com | 7/19/2023 4:27:15 PM | SENT |
| John Sullivan | | jsullivan@gablelaw.com | 7/19/2023 4:27:15 PM | SENT |
| Amber Wacha | | awacha@gablelaw.com | 7/19/2023 4:27:15 PM | SENT |

**Exhibit B**