United States District Court
Southern District of Texas
**ENTERED**
June 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHAMPIONX CORPORATION, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-3190 |
| § | |
| AIG INSURANCE COMPANY OF § | |
| CANADA and THE INSURANCE § | |
| COMPANY OF THE STATE OF § | |
| PENNSYLVANIA, § | |
| § | |
| Defendants. § | |

## MEMORANDUM & ORDER

This is an insurance dispute related to an underlying lawsuit that was filed in Canada. The Plaintiff in this suit is ChampionX Corporation ("ChampionX") and the Defendants are AIG Insurance Company of Canada ("AIG Canada") and Insurance Company of the State of Pennsylvania ("ICSOP"). The plaintiffs in the underlying Canadian suit allege that various companies, including one called "Ecolab Inc.," were responsible for the release of oil emulsion from a pipeline. Ecolab Inc. has an insurance policy with both Defendants. When Ecolab Inc. tendered the suit to Defendants, they denied coverage. ChampionX now alleges that it has rights under Ecolab Inc.'s policy with ICSOP, and seeks defense and indemnity.

Pending before the Court is Plaintiff ChampionX Corporation's Motion for Partial Summary Judgment (ECF No. 32).[1] The Motion seeks a declaration from this Court that ICSOP "breached its duty to defend ChampionX" in connection with the underlying Canadian lawsuit. The Court held a hearing on the matter on June 21, 2024, where it heard argument from parties

---

[1] Defendant AIG Canada has not yet been properly served. *See* Minute Entry dated 06/06/2024. As such, ChampionX's Motion is only directed towards ICSOP. *See* ECF No. 32 at 1 n.1.

1

and subsequently took the matter under advisement. For the reasons that follow, the Court now **DENIES** the Motion.

I.   BACKGROUND

ICSOP issued a series of Foreign Commercial General Liability Policies to Ecolab Inc. for successive one-year periods beginning December 31, 2017, and ending on December 31, 2020. *See* Pl.'s Ex. 2–4, ECF Nos. 32-2–32-4 (the "Policy"). On June 4, 2020, plaintiff in the underlying suit (Highwood) initiated a suit against "Nalco Champion, an Ecolab Company, Ecolab, Nalco Canada ULC, and ChampionX Canada ULC (collectively, 'Nalco')." Pl.'s Ex. 5, ECF No. 32-1. As laid out in more detail below, the parties dispute whether ChampionX is the successor in interest and/or parent company to Ecolab Inc. and the named defendants in the underlying Canadian suit. In the underlying suit, Highwood alleges that "Nalco" supplied various services for Highwood's pipelines and represented to Highwood that the probability of corrosion in the pipeline at issue was "low." *Id.* at ¶¶ 5–6. Five months after Nalco reported that the pipeline was unlikely to corrode, Highwood allegedly discovered an oil emulsion release arising from several failures on the pipeline that were the result of "internal corrosion." *Id.* at ¶ 7. Based on these events, Highwood seeks damages equal to the cost of remediating and restoring the land. *Id.* at ¶ 20.

Ecolab Inc. tendered the underlying Canadian lawsuit to its insurers, including ICSOP. *See* Pl.'s Ex. 6. ICSOP subsequently refused to defend and indemnify Ecolab Inc. *Id.* ChampionX Corporation reports that it has been defending the named defendants in the underlying suit and has incurred over $1 million in legal fees and expenses associated with defending itself in the underling suit. Pl.'s Ex. 1 at ¶ 13.

ChampionX filed the instant suit in state court in July 2023. ICSOP removed the action to this Court in August 2023. ChampionX subsequently filed a Motion for Partial Summary Judgment, which argues that ICSOP owes a duty to defend ChampionX in the underlying Canadian lawsuit.  ECF No. 32.

## II.     LEGAL STANDARD

Summary judgment under Rule 56 "is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). A genuine issue as to a material fact arises "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all "reasonable inferences . . . in favor of the nonmoving party, but the nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

"[T]he movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995). "For any matter on which the non-movant would bear the burden of proof at trial, however, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* at 718–19.

3

### III. ANALYSIS

#### A. Choice of Law

Plaintiff argues that Texas law applies in this case, while Defendant ICSOP argues that Minnesota law applies. In diversity cases, federal courts are obliged to apply the choice of law rules of the forum state. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Thus, this Court looks to Texas choice of law rules. In Texas, the burden is on the party asserting the application of foreign law to first show the existence of a true conflict of laws and then to demonstrate which law should apply based on state contacts to the asserted claims. *Mathes v. Patterson-UTI Drilling Co. L.L.C.*, 44 F. Supp. 3d 691, 696 (S.D. Tex. 2014) (citing *Greenberg Traurig of N.Y., P.C. v. Moody*, 161 S.W.3d 56, 70 (Tex.App.-Houston [14th Dist.] 2004, no pet.)).

Both parties note that Texas and Minnesota law are substantially similar as applied to the issues of this case. Defendant's Motion cites Texas and Minnesota law for similar propositions at just about every analytical turn. Therefore, because there is not a meaningful difference between the laws, the Court shall apply Texas law. *Mathes*, 44 F. Supp. 3d at 696.

#### B. Whether ChampionX has standing to sue under the Policy

As a general matter, a plaintiff has standing to sue under an insurance contract where it is a named insured, additional insured, or intended third-party beneficiary of the contract. *See Premium Plastics v. Seattle Specialty Ins. Servs., Inc.*, No. CIV.A. H-10-3960, 2012 WL 1029528, at *3 (S.D. Tex. Mar. 26, 2012), *aff'd*, 544 F. App'x 287 (5th Cir. 2013). ICSOP contends that Plaintiff ChampionX Corporation does not have standing in this case based on three separate arguments: (1) ChampionX is not a named insured under the Policy; (2) even if the named insureds had transferred their rights to ChampionX, such a transfer would be void

4

pursuant to the Policy's anti-assignment provisions; and (3) even if ChampionX had rights under the Policy, ICSOP would have no duty to defend because ChampionX is not a named defendant in the underlying suit and may not enforce the rights of the named defendants.

In the June 21, 2024 hearing, Plaintiff—for the first time—argued that ICSOP had waived this standing argument by not raising it as an affirmative defense in its Original Answer. It is well established that "[a]rguments raised for the first time in a reply brief are waived." *Swinford v. Coil Tubing Tech., Inc.*, No. 4:19-CV-2301, 2022 WL 5430089, at *2 (S.D. Tex. July 11, 2022) (quoting *Houser v. LTD Fin. Servs. LP*, 512 F. Supp. 3d 746, 751 (S.D. Tex. 2021)). It follows, *a fortiori*, that arguments raised for the first time during oral argument are waived. Such a scenario "robs the [opposing party] of the opportunity to . . . present an analysis of the pertinent legal precedent that may compel a contrary result." *Ramos v. Erwin*, No. 4:23-CV-2517, 2024 WL 1184822, at *5 n.4 (S.D. Tex. Mar. 18, 2024) (Ellison, J.) (quoting *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).

In any event, Plaintiff's argument is meritless. At the hearing, Plaintiff cited to *Berkley Reg'l Ins. Co. v. Philadelphia Indem. Ins. Co.* for the proposition that lack of standing is an affirmative defense that is waived if not asserted in a defendant's answer. *See* No. A-10-CA-362-SS, 2011 WL 9879170, at *4 (W.D. Tex. Apr. 27, 2011), *rev'd on other grounds*, 690 F.3d 342 (5th Cir. 2012). However, *Berkely* goes on to explain that "[a]n affirmative defense may be raised [for the first time] on a motion for summary judgment only if that motion is the first pleading responsive to the substance of the allegations." *Id.* (quoting *United States v. Burzynski Cancer Research Inst.*, 819 F.2d 1301, 1307 (5th Cir.1987)). Here, ICSOP did not raise the affirmative defense of lack of standing in its Original Answer, which merely stated a general denial. *See* ECF No. 1-10. But its response to Plaintiff's Motion for Summary Judgment was "the

5

first pleading responsive to the substance of the allegations." *Id.* Therefore, ICSOP did not waive the argument that ChampionX lacks standing to sue. Thus, the Court shall proceed to evaluate ICSOP's arguments.

The first issue is whether ChampionX is a named insured pursuant to the Policy. The named insured in the Policy is "Ecolab Inc." and, pursuant to a "Broad Formed Named Insured" provision in the Policy, "any subsidiary, associated, affiliated, allied, or acquired company or corporation (including subsidiaries thereof), partnership, Joint Venture, or Limited Liability Company, of which [Ecolab Inc.] has more than 50% ownership interest in, exercises management or financial control over, or is required to provide insurance for."  *See* Pls.' Ex. 2 at 3, 35, ECF No. 32-2.

ChampionX claims to fall within the Broad Formed Named Insured provision as a result of several corporate transactions. To illustrate those transactions, ChampionX refers to a "Separation Agreement" and the Declaration of their Senior Vice President, General Counsel, and Secretary, Julia Wright, which purports to summarize the transactions set forth in the Separation Agreement. *See* ECF No. 32-1. The transactions proceeded as follows: Nalco Champion is the trade name of Nalco Canada ULC, which was formed by the amalgamation of Nalco Canada ULC and Champion Technologies ULC. *Id.* at 1. Nalco Canada ULC was previously a subsidiary of Ecolab Inc. *Id.* Apergy Corporation, through a subsidiary, acquired Nalco Champion from Ecolab Inc. *Id.* Then, Apergy Corporation "changed its name to ChampionX" while Nalco Canada ULC changed its name to ChampionX Canada ULC. *Id.* at 2. Then, ChampionX Canada ULC and an apparently separate entity called ChampionX Ultrafab ULC combined to form the "new, currently existing, ChampionX Canada ULC" which is "a wholly-owned subsidiary of ChampionX." *Id.* at 2. Meanwhile, the named defendants in the

underlying suit are: "Nalco Champion an Ecolab Company, Ecolab, Nalco Canada ULC, and ChampionX Canada ULC." ECF No. 32-5 at 2.

It is not clear from this series of transactions that Ecolab Inc. "has more than 50% ownership interest in, exercises management or financial control over, or is required to provide insurance for" Plaintiff ChampionX Corporation such that Plaintiff could qualify as a named insured under the Policy. ECF No. 32-2 at 35. And, to the extent that Plaintiff argues that the Separation Agreement assigns it coverage rights under the Policy, *see* ECF No. 32-1 at ¶ 10, that argument fails for two reasons.

First, the plaintiff in this case is ChampionX *Corporation*. The Separation Agreement refers only to "ChampionX *Holding Inc.*" ECF No. 32-1 at 8 (emphasis added). Second, even if Ecolab Inc. *had* assigned rights under the Policy to Plaintiff ChampionX Corporation, the assignment would be void under the Policy's anti-assignment clause.

The Policy's anti-assignment clause provides that: "[Ecolab Inc.'s] rights and duties under this policy may not be transferred without [ICSOP's] written consent except in the case of death of an individual Named Insured." Pls.' Ex. 2, 3, 4, at 23, ECF Nos. 2, 3, 4. Texas courts routinely enforce anti-assignment clauses such as this one. *Nautilus Ins. Co. v. Concierge Care Nursing Centers, Inc.*, 804 F. Supp. 2d 557, 559 (S.D. Tex. 2011) ("Texas courts uphold anti-assignment provisions so long as they do not interfere with the operation of a statute." (quoting *Choi v. Century Surety Co.*, 2010 WL 3825405, *4 (S.D.Tex. Sept. 27, 2010)).

ChampionX argues that the anti-assignment clause in this case is unenforceable because ICSOP waived it when it sent a denial letter that "makes no mention of the anti-assignment provision in the policy or suggest that ChampionX is not the successor to Ecolab." ECF No. 35; *see Nat'l Fire Ins. Co. v. Ent. Specialty Ins. Servs., Inc.*, 485 F. Supp. 2d 737, 741 (N.D. Tex.

2007) ("In Texas, 'when one specific ground of forfeiture is urged against a policy of insurance, and the validity thereof denied on that ground alone, all other grounds are waived.'" (quoting *Lancon v. Employers Nat'l Life Ins. Co.*, 424 S.W.2d 321, 322–23 (Tex.Civ.App.-Houston [1st Dist.] 1968, writ ref'd n.r.e.))).[2] However, ICSOP's denial letter exclusively addresses the issue of *Ecolab Inc.*'s—not ChampionX Corporation's—coverage under the Policy. *See* Pl.'s Ex. 6, ECF No. 32-6. The letter states,

> I [an ICSOP representative] write in response to *Ecolab*'s request for defense regarding the lawsuit filed by Highwood Oil Company ("Highwood") against *Ecolab* and related entities regarding an oil emulsion release from a pipeline discovered in July 2018 located in the Panny Field in Alberta, Canada (the "Lawsuit"). . . . [B]ased on the information provided to date and the Policies' terms and conditions, there is no coverage under the Policies available to *Ecolab* and the other defendants for the damages alleged in the Lawsuit.

*Id.* (emphasis added). "Waiver is the *intentional* relinquishment of a known right or *intentional* conduct inconsistent with claiming it." *T J Serv. Co. v. U.S. Fid. & Guar. Co.*, 472 S.W.2d 168, 173 (Tex. Civ. App. 1971), *writ refused NRE* (Feb. 2, 1972). ICSOP cannot be said to have intentionally waived an anti-assignment clause defense based on a denial letter directed towards the named insured. *Cf. Nat'l Fire Ins. Co.*, 485 F. Supp. 2d at 741–42 (holding that insurance company had not waived exclusion where it did not know of the facts prerequisite to the exclusion's applicability when it sent denial letter); *Lancon v. Emps. Nat. Life Ins. Co.*, 424 S.W.2d 321, 323 (Tex. Civ. App. 1968), *writ refused NRE* (Apr. 24, 1968) ("[Insurance company] could not, under this state of facts, be held to have waived, nor to be estopped from asserting, a defense of which it was ignorant."). Therefore, there was no waiver of the clause,

---

[2] ChampionX also argues that ICSOP waived the anti-assignment clause as an affirmative defense by not raising it in its Original Answer. *See Mann v. Propst*, No. 05-19-00432-CV, 2020 WL 1472212, at *7 (Tex. App. Mar. 26, 2020). However, as with ICSOP's standing defense, the Court finds and holds that ICSOP did not waive its anti-assignment clause affirmative defense because ICSOP raised it in the "first pleading responsive to the substance of the allegations." *Burzynski Cancer Research Inst.*, 819 F.2d at 1307.

and any purported assignment by Ecolab Inc. to ChampionX is void.

Because its conclusion as to standing are dispositive, the Court need not address the parties' remaining arguments. Plaintiff ChampionX Corporation is unable to sue based on the Policy, and its Motion for Summary Judgment accordingly fails.

## IV. CONCLUSION

Ultimately, the Court concludes that Plaintiff has not demonstrated that the absence of a genuine dispute of material fact and its entitlement to judgment as a matter of law. Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 25th day of June, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE