Case 4:23-cv-03190   Document 48   Filed on 07/26/24 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHAMPIONX CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-3190 |
| | § | |
| AIG INSURANCE COMPANY OF | § | |
| CANADA and THE INSURANCE | § | |
| COMPANY OF THE STATE OF | § | |
| PENNSYLVANIA, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM & ORDER

This is an insurance dispute related to an underlying lawsuit that was filed in Canada. On June 25, 2024, the Court issued a Memorandum and Order denying Plaintiff's Motion for Partial Summary Judgment. ECF No. 43. The Memorandum and Order explained that Plaintiff lacked standing to sue on the contracts at issue. *Id.* Plaintiff now moves to remand the action back to state court, contending that this Court lacks subject-matter jurisdiction. Specifically, Plaintiff argues that this Court lacks Article III standing.

However, Plaintiff confuses contractual standing with Article III standing. In denying Plaintiff's Summary Judgment Motion, this Court held that Plaintiff did not have a contractual right to bring its suit against Defendant ICSOP.[1] That is, Plaintiff lacked contractual standing.

---

[1] The Court had assumed it unnecessary to spell out this distinction in its June 25, 2024 Memorandum and Order, as Plaintiff argued in the June 21, 2024 hearing that Defendant ICSOP had waived any argument that Plaintiff lacked standing. It is well-established that questions of subject-matter jurisdiction—including Article III standing—cannot be waived. *Sentry Ins. v. Morgan*, 101 F.4th 396, 399 (5th Cir. 2024) ("A lack of subject matter jurisdiction may be raised at any time." (quoting *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534 (5th Cir. 2017))); *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012) ("Of course, a challenge to the court's subject matter jurisdiction over a case may be raised at any time because it goes to the court's very power to hear the case."); *United States v. Cotton*, 535 U.S. 625, 625, 122 S. Ct. 1781, 1782, 152 L. Ed. 2d 860 (2002) ("Because subject-matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived."). As the Court's earlier

1

"Contractual standing is distinct from Article III standing and does not implicate subject-matter jurisdiction." *Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 11 F.4th 345, 350 (5th Cir. 2021) (quoting *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 211 (2d Cir. 2020)); *see also Piney Woods ER III, LLC v. Blue Cross & Blue Shield of Texas*, No. 5:20-CV-00041-RWS, 2022 WL 4004790, at *4 (E.D. Tex. Mar. 17, 2022) (explaining that question of whether there was a proper assignment did not implicate Article III standing). "Article III standing speaks to the power of a court to adjudicate a controversy; contractual standing speaks to a party's right to relief for breach of contract." *Maxim Crane*, 11 F.4th at 350 (quoting *SM Kids*, 963 F.3d at 211); *Domain Prot., L.L.C. v. Sea Wasp, L.L.C.*, 23 F.4th 529, 536 (5th Cir. 2022) ("Whether a party has a 'contractual right to bring this suit' is not a question of Article III standing . . . . 'Contractual standing' is instead an issue of contract interpretation that goes to the merits of a claim."); *Bond v. United States*, 564 U.S. 211, 219 (2011) (cautioning courts against conflating the initial question of whether a suit is justiciable with subsequent questions of whether a plaintiff states a viable claim for relief).

To establish Article III standing, "a plaintiff must allege that it has been injured, that the defendant caused the injury, and that the requested relief will redress the injury." *Cotton v. Certain Underwriters at Lloyd's of London*, 831 F.3d 592, 595 (5th Cir. 2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Plaintiff has met those requirements: it alleges that Defendants' refusal to defend and indemnify it in the underlying suit has caused a significant monetary injury and that a ruling against Defendants would compensate that injury. This initial

---

assumption appears to have been misplaced, it shall proceed to clarify the distinction between contractual and Article III standing.

question of justiciability is separate from the merits questions the Court resolved in its June 25, 2024 Memorandum and Order.

Accordingly, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 26th day of July, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE